# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1999

FILED

August 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9811-CR-00392 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SULLIVAN COUNTY |
| VS. | ) | |
| | ) | HON. R. JERRY BECK, |
| ANTHONY D. SANDERS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SULLIVAN COUNTY

FOR THE APPELLANT:

THOMAS R. BRANDY
245 Broad Street
Kingsport, TN 37660

JULIE A. MARTIN (On Appeal)
P.O. Box 426
Knoxville, TN 37901-0426

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

ERIK W. DAAB
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

GREELEY WELLS
District Attorney General

TERESA MURRAY-SMITH
MARY K. HARVEY
Assistant District Attorneys General
Blountville, TN 37617

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Anthony D. Sanders, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted, upon his plea of guilty, of vehicular homicide by intoxication,[1] a Class C felony at the time the offense was committed.[2] The agreed sentence was the statutory minimum of three years as a Range I standard offender. The manner of service of the sentence was left to the discretion of the trial judge. The judge ordered that the sentence be served in the Department of Correction. The Defendant appeals, arguing that the trial judge erred by not allowing his sentence to be served on probation or allowing some other sentencing alternative to incarceration. We affirm the judgment of the trial court.

The Defendant was the driver of an automobile involved in a one-vehicle accident. The passenger of the vehicle, who was the Defendant's brother-in-law at the time, was thrown from the vehicle and killed when the vehicle ran off the road and overturned. Shortly after the accident, the Defendant gave conflicting statements concerning whether it was the Defendant or his passenger who was driving. The Defendant's blood alcohol content was determined to be .22 percent.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a <u>de novo</u> review of the sentence with

---

[1] Tenn. Code Ann. § 39-13-213(a)(2)(1991).

[2] The legislature has subsequently amended the vehicular homicide statute, providing that a conviction involving intoxication constitutes a Class B felony. Tenn. Code Ann. § 39-13-213(b)(1995).

a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Tennessee Code Annotated § 40-35-102 outlines when alternative sentencing is appropriate. A defendant who is "an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a

favorable candidate for alternative sentencing options in absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Furthermore, the trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation unless sufficient evidence rebuts the presumption.

Even though probation must be considered, a defendant is not automatically entitled to probation as a matter of law. Fletcher, 805 S.W.2d at 787. Factors such as the defendant's potential for rehabilitation, the nature and seriousness of the offense, and deterrence of others in committing the crime, and whether the record reflects multiple or recent unsuccessful sentencing measures other than confinement, can be used to rebut the presumption that alternative sentencing is appropriate. Id. at 788-89.

The sentencing of this Defendant is governed by the Sentencing Reform Act of 1989. Through the enactment of Tennessee Code Annotated § 40-35-102, the legislature established certain sentencing principles which include the following:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing

failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration;

Tenn. Code Ann. § 40-35-102(5).

The Defendant was convicted of a Class C felony which carries with it the statutory presumption that he is a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Even though a Class C felony may be quite a serious offense, the legislature has provided that there is a presumption of eligibility for alternative sentencing options for all Class C felonies. Also, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the potential for rehabilitation or treatment of the Defendant in determining the sentence alternative. Tenn. Code Ann. § 40-35-103(5).

At the time of the sentencing hearing, the Defendant was twenty-four years old and married. He dropped out of high school during the tenth grade. He had one child by a prior marriage, and he was providing some support for this child. He had held a variety of jobs and had apparently been regularly employed since the time he dropped out of school. At the time of the accident which led to his conviction for vehicular homicide, he had no history of criminal convictions, although he admitted to a history of alcohol usage while under age and also to a history of some marijuana usage.

In determining that the State had presented sufficient evidence to overcome the presumption that the Defendant was a favorable candidate for

alternative sentencing options, the trial judge noted the Defendant's history of illegal drug usage, observed that the Defendant had been untruthful to the police officers shortly after the accident occurred, and expressed his opinion that confinement was necessary to avoid depreciating the seriousness of the offense and to provide deterrence. Beyond these concerns, however, it is obvious from this record that the trial judge was concerned primarily with the Defendant's conduct subsequent to the accident which caused the death of the victim.

The vehicular homicide occurred on February 26, 1995. The Defendant was found guilty of a DUI which occurred on April 25, 1996. While on probation for the DUI conviction he was found guilty of driving on a revoked license on June 15, 1996 and again on February 19, 1997. At the sentencing hearing in October of 1998, a witness testified that she had observed the Defendant driving, again with his license revoked, in July of 1998. We believe that these actions by the Defendant, which obviously reflect adversely on the Defendant's potential for rehabilitation, weigh heavily in favor of upholding the presumptively correct discretion exercised by the trial judge in this case.[3]

The record in this case affirmatively shows that the trial judge considered the sentencing principles and all relevant facts and circumstances. Trial judges are traditionally vested with broad discretionary authority in sentencing matters. Based upon our careful review of this record, and particularly in view of the Defendant's continued disregard for the laws of this state, we are unable to

---

[3] The record on appeal reflects that the Defendant was sentenced on October 16, 1998. The Defendant testified at that time that he no longer consumed alcoholic beverages. He was released on appeal bond. On November 21, 1998 he was arrested on a charge of public intoxication which led to the revocation of his appeal bond.

conclude that the trial judge erred or abused his discretion by ordering that the Defendant's sentence be served in the Department of Correction. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOE G. RILEY, JUDGE